910

[Civ. No. 15507.   Second Dist., Div. Two.   Feb. 4, 1947.]

JOHN AVILES, JR., a Minor, etc. et al., Appellants, v. PACIFIC GREYHOUND LINES (a Corporation) et al., Respondents.

Frank T. Hennessey and Albert E. Wheatcroft for Appellants.

Bauder, Veach & W. I. Gilbert, Reginald I. Bauder and Bryce P. Gibbs for Respondents.

WILSON, J.—This appeal is without foundation and without merit.   The minor plaintiff and his father sued to recover for personal injuries received by the minor, who will be referred to for convenience as "appellant," and for medical expenses paid out by the father.   A verdict was returned in favor of defendants and the appeal is from the judgment entered on the verdict.

The accident occurred on Lankershim Boulevard where it passes under the tracks of the Southern Pacific Railroad.   The highway, approaching and through the underpass, is divided

by a concrete abutment extending along its center line, with three traffic lanes on each side of the abutment. Appellant and a companion were riding their bicycles in a northerly direction on the right-hand side of Lankershim Boulevard on the downgrade approaching the underpass. Plaintiff separated from his companion, turned to his left, and was struck by a bus belonging to defendant corporation on the upgrade leading from the underpass. Appellant and his companion testified that the movement of the former was gradual from right to left, while the bus driver and two passengers testified that he turned suddenly in front of the bus when it was from 10 to 20 feet behind him. His companion saw the bus and called "look out." Whether appellant heard the warning or not is in doubt but in any event he did not heed it. The collision took place near the curb on the left-hand side of the northbound highway.

Appellant concedes that the evidence is so conflicting that it would support a verdict for either party. His only assignment of error is the failure of the court to give an instruction requested by him reading as follows: "You are instructed that the requirement that a person drive as close as practical to the righthand curb or edge of a roadway has no application to a roadway designated and signposted for one-way traffic. In this case it has been stipulated that the roadway on which the plaintiff and defendant's motor bus was traveling is a roadway designated and signposted for one-way traffic."

In support of his contention that the proposed instruction should have been given appellant states in his brief: "It was stipulated that the highway where the accident occurred was a one-way street and was signposted and designated as such." Again he says: "The fact that the highway was a one-way street was a stipulated fact in evidence." Notwithstanding that his error in so stating the stipulatiton is pointed out in respondent's brief he returns to the attack with the same groundless recital in his reply brief. This reiterated statement is devoid of support in the record. The stipulation in the transcript adverted to by appellant contains no reference whatsoever to the character of the highway or to any fact involved in the case. It reads as follows: "Whereupon it was stipulated by counsel for the respective parties that a map and seven pictures which purport to be a pictorial representation of the highway leading up to the underpass on Lanker-

shim Boulevard, with the position of the camera and the view indicated in it on the back of each picture, may be introduced in evidence and marked Plaintiffs' Exhibit[s] 1 and 2 respectively.''

We have examined the exhibits referred to in the stipulation and find an utter absence of evidence that the highway is a one-way street. The exhibits consist of a large map delineating the highway under and on both sides of the railroad tracks and several photographs of the highway looking both northerly and southerly at the scene of the accident. The only sign shown in the photographs is one indicating a crossroad at the northerly end of the exit from the underpass. There is no designation of any part of the highway as a one-way street. The map, drawn to scale by an engineer, purports to illustrate all parts of the highway and all objects thereon, including one or more lampposts in the concrete abutment dividing the highway. No sign of any character is indicated on the map.

Appellant's entire argument in support of his assignment of error is based on the theory, unsubstantiated by evidence or stipulation, that the highway at the point of the accident is a one-way street and that traffic thereon is subject to the provisions of section 525(a)(4) of the Vehicle Code.

Since the purported stipulation claimed by appellant to have been made was in fact not made, and since the record is barren of evidence that the roadway was designated or signposted for one-way traffic, there was no basis for the instruction and the court properly refused to read it to the jury.

Judgment affirmed.

Moore, P. J., and McComb, J., concurred.